Agustín Centeno, demandante y apelado, *v.* Armour Fertilizer Works, demandada, y Banco Territorial y Agrícola de P. R. y Maryland Casualty Co., demandados y apelantes.

No. 6712.—*Sometido:* Julio 2, 1934. *Resuelto:* Julio 9, 1934.

*Rafael Buscaglia,* abogado de los demandados apelantes; *Salvador Suau,* abogado del Síndico Interino del Banco Territorial; *Henry G. Molina,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Banco Territorial y Agrícola de Puerto Rico y la Maryland Casualty Company establecieron en este pleito apelación contra la sentencia que los condena a pagar al apelado Agustín Centeno la cantidad de $435 como indemnización por daños y perjuicios.

Para traer ante nosotros la prueba del juicio optaron los apelantes por que la transcripción de la evidencia fuera hecha por el taquígrafo de la corte. El taquígrafo radicó en la corte inferior la transcripción de la evidencia el 5 de julio de 1932 y la corte señaló el 9 de septiembre del mismo año para su aprobación. No comparecieron las partes ese día y fué señalado nuevamente para el 26 del mismo mes y año. En ese día comparecieron los apelantes pero el acto fué suspendido por estar en vacaciones el juez de la corte que había de aprobar la transcripción de la evidencia. Desde esa fecha, 26 de septiembre de 1932, no se hizo gestión alguna para esa aprobación y en 10 de mayo de 1934 nos presentó escrito el apelado para que desestimemos esa apelación por falta de prosecución.

En dos ocasiones suspendimos la vista de esa petición, la primera vez a instancia de todas las partes, y la segunda a solicitud de los apelantes. La vista tuvo lugar el 2 del presente mes y año, habiendo presentado antes de ella los apelantes la transcripción de los autos para su apelación en la que figura la transcripción de la evidencia con su aprobación en 4 de junio de este año.

Los apelantes tratan de justificar la tardanza en la aprobación de la transcripción de la evidencia alegando que el banco apelante fué puesto en sindicatura el 29 de septiembre de 1932: que el abogado del síndico del banco estuvo enfermo por mucho tiempo y murió en junio de 1933: que otro abo-

gado del síndico nada pudo hacer porque los papeles del banco en el pleito los tenía otro abogado, quien falleció a fines de 1933: que en 15 de abril de 1934 el síndico del banco fué sustituído por el Banco de Puerto Rico, siendo nombrado un nuevo abogado para el actual síndico: y que este abogado no tuvo conocimiento de esta apelación hasta que le fué notificada la moción de desestimación del apelado.

Los apelantes comparecieron conjuntamente desde el principio de este pleito representados por dos abogados sin expresar si cada uno de ellos representaba a uno de los demandados, pero por ciertas manifestaciones obrantes en los autos llegamos a la conclusión de que el abogado Toro Cabañas, que ha fallecido, representaba al banco demandado, y que la Maryland Casualty Company estaba representada por el abogado que ahora se opone a la moción de desestimación en nombre de los dos apelantes.

Podemos admitir que el hecho de ser puesto en sindicatura el banco apelante causó algún trastorno en esta apelación pero los dos años que transcurrieron sin hacer gestión ni él ni la Maryland Casualty Company para tramitar su apelación es tan grande que no lo encontramos justificado, teniendo en cuenta también que el abogado de la Maryland pudo gestionar la aprobación de la transcripción de la evidencia y que conociendo su abogado el asunto desde su iniciación estaba en condiciones de hacer saber a los abogados de la sindicatura del banco de la apelación que estaba pendiente y del peligro de que fuera desestimada por falta de prosecución. Por eso no estimamos suficientes las razones alegadas en oposición a la moción del apelado. Además, si los apelantes hubieran comparecido en el primer señalamiento que hizo la corte para el 9 de septiembre de 1932, hubiera sido aprobada la transcripción entonces.

*Esta apelación debe ser desestimada.*